*654 In a summary holdover proceeding, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated September 16, 2011, which affirmed a judgment of the Civil Court of the City of New York, Kings County (Gonzales, J.), dated July 9, 2009, which, after a nonjury trial, dismissed the petition.
Ordered that the order is affirmed, with costs.
On April 15, 2008, the petitioner landlord served the respondent tenant with a 30-day notice of the termination of the tenant’s lease pursuant to, inter alia, paragraph 23 (c) (6) of the lease, which provided that the landlord may terminate the lease based on “criminal activity by a tenant . . . that threatens the health, safety, or right to peaceful enjoyment of the premises by other residents.” The notice alleged that on February 27, 2008, the tenant was observed vandalizing walls in a common area of the subject building. After the tenant failed to vacate the premises at the expiration of the 30-day period, the landlord commenced this summary holdover proceeding. At a nonjury trial on the petition, the landlord introduced a videotape from a security camera depicting the tenant making graffiti markings on the wall of the stairwell landing leading to the building’s roof.
The petition was properly dismissed. The landlord demonstrated that the tenant engaged in criminal activity (see Penal Law §§ 145.60, 145.00 [1]). However, under the circumstances of this case, where the graffiti markings were made on the wall of a stairwell landing leading to the building’s roof, and where there was no evidence presented regarding whether any resident’s peaceful enjoyment of the premises was threatened, the landlord failed to demonstrate that the criminal activity engaged in by the tenant threatened the health, safety, or right to peaceful enjoyment of the premises by other residents. Balkin, J.E, Lott, Austin and Sgroi, JJ., concur.